IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:23-CV-549-MOC-DCK

| STRIKE 3 HOLDINGS, LLC, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| JOHN DOE, subscriber assigned IP address 108.68.89.118, | ) | |
| Defendant. | ) | |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Ex Parte Motion For Leave To Serve A Third-Party Subpoena Prior To A Rule 26(f) Conference" (Document No. 5) filed September 5, 2023. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, the undersigned will grant the motion.

Plaintiff Strike 3 Holdings, LLC alleges copyright infringement against John Doe, an unidentified Defendant. See (Document No. 1). Plaintiff now seeks leave to issue a Rule 45 subpoena to one or more Internet Service Providers ("ISPs") in order to obtain "the name and address associated with the [ISP address] so that Plaintiff can investigate who infringed its copyrights by downloading and distributing its works via the BitTorrent network." (Document No. 5, p. 1).

"A plaintiff's right to issue Rule 45 subpoenas on third parties in order to identify unknown defendants under these circumstances is well-established." LHF Prods., Inc. v. Does 1-5, 1:17-CV-151-MR, 2017 WL 2960789, at *1 (W.D.N.C. July 11, 2017). The standard for determining whether issuance of a Rule 45 subpoena prior to a Rule 26(f) conference is appropriate is set forth

in a five-factor test: "(1) a concrete showing of a prima facie claim of actionable harm; (2) specificity of the discovery request; (3) the absence of alternative means to obtain the subpoenaed information; (4) a central need for the subpoenaed information to advance the claim; and (5) the party's expectation of privacy." Id. (citing Sony Music Enter. v. Does 1-40, 326 F.Supp.2d 556, 564-65 (S.D.N.Y. 2004)). The Court finds that the five factors are satisfied in this case, warranting issuance of the Rule 45 subpoena.

**IT IS, THEREFORE, ORDERED** that Plaintiff's "Ex Parte Motion For Leave To Serve A Third-Party Subpoena Prior To A Rule 26(f) Conference" (Document No. 5) is **GRANTED**.

**IT IS FURTHER ORDERED** that Strike 3 Holdings, LLC is permitted limited discovery to serve a subpoena under Federal Rule of Civil Procedure 45 to Internet Service Provider(s) (hereinafter the "ISP") to determine the name and address of Defendant Doe to whom the ISP assigned the IP address **108.68.89.118**. Plaintiff shall attach a copy of this Order to the subpoena.

**IT IS FURTHER ORDERED** that if the ISP qualifies as a "cable operator," as defined by 47 U.S.C. § 522(5), which states:

> the term "cable operator" means any person or group of persons
>
> (A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or
>
> (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system

it shall comply with 47 U.S.C. § 551(c)(2)(B), which states:

> A cable operator may disclose such [personal identifying] information if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed…

by sending a copy of this Order to Defendant.

**IT IS FURTHER ORDERED** that any information disclosed to Plaintiff in response to a subpoena may be used solely for the purposes of protecting and enforcing Plaintiff's rights as set forth in its Complaint.

**IT IS FURTHER ORDERED** that the ISP shall preserve any subpoenaed information pending the resolution of any timely filed motion to quash.

**SO ORDERED**.

Signed: September 5, 2023

David C. Keesler
United States Magistrate Judge